No. 12-1206 – <u>Master Mechanical Insulation, Inc. v. Richard Simmons</u>

**FILED**

December 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Chief Justice, concurring in part and dissenting in part:

I concur in the majority's answers to the first and third certified questions. I must dissent, however, to the majority's answer to the second certified question which improperly imposes common law tort principles onto the deliberate intent statute. By holding that an employer in a deliberate intent action may introduce evidence of an employee's conduct as a defense, the majority displays a fundamental ignorance of the nature of a deliberate intent cause of action created by the Legislature.

The history of the current deliberate intent statute indicates a clear intent by the Legislature to create a wholly unique cause of action which has no counterpart in our common law and is completely divorced from common law tort principles. In *Mandolidis v. Elkins Industries*, 161 W. Va. 695, 246 S.E.2d 907 (1978), this Court was tasked with construing a deliberate intent cause of action under the then-existing statutory provision. At that time, the deliberate intent statute provided as follows:

> If injury or death result to any employee from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take under this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter.

W. Va. Code § 24-3-2 (1969). This Court in *Mandolidis* found that this "provision by its express language preserves for employees *a common law action* against employers 'as if this chapter had not been enacted' 'if the injury or death of such employee results from the deliberate intent of the employer to produce such injury or death.'" 161 W. Va. at 698, 246 S.E.2d at 910 (emphasis added). The Court indicated that the workers' compensation system "completely supplanted the common law tort system only with respect to *negligently* caused industrial accidents" 161 W. Va. at 705, 246 S.E.2d at 913 (emphasis in original), but did not supplant common law principles when an employer engaged in willful, wanton, or reckless misconduct. Accordingly, the Court held in syllabus point 1 of *Mandolidis* in relevant part, that "[u]nder W. Va. Code § 23-4-2 an employer is subject to a common law tort action for damages or for wrongful death where such employer commits an intentional tort or engages in willful, wanton, and reckless misconduct."

In direct response to *Mandolidis*, the Legislature amended the deliberate intent statute to create a brand new standard for the loss of an employer's workers compensation immunity. This standard is unique and it has no counterpart in the common law. In amending the statute, the Legislature clearly indicated that its new standard for loss of employer immunity is "of more narrow application and containing more specific mandatory elements than the common law tort system concept and standard of willful, wanton and reckless misconduct." W. Va. Code § 23-4-2(d)(1). Under this new standard for loss of immunity, the Legislature crafted five tightly drawn elements which a claimant

must prove before an employer will lose its immunity. These tightly drawn elements are clear, concise, unambiguous, and plenary, and they do not provide that an employer can introduce common law defenses to a deliberate intent claim. In fact, this point was made abundantly clear in syllabus point 8 of *Roberts v. Consolidation Coal Co.*, 208 W. Va. 218, 539 S.E.2d 478 (2000), in which we held that "[w]hen an employee asserts a deliberate intention cause of action against his/her employer, pursuant to W. Va. Code § 23-4-2(b)–(c) (1991) (Cum.Supp.1991), the employer may not assert the employee's contributory negligence as a defense to such action."

In order to reach its desired result that an employer can defend against a deliberate intent claim by introducing the common law tort defense of comparative fault, the majority opinion resorts to finessing, massaging, and dancing around the plain meaning of syllabus point 8 of *Roberts*, before finally deciding to just disregard it. The majority opinion then chides Mr. Simmons for basing his argument "solely on this point of law [in *Roberts*]" to cover up the fact that the majority's own analysis is completely devoid of legal support.

The majority reads into the deliberate intent statute something that simply is not there. For this reason, I dissent to the majority's holding that an employer in a deliberate intent action may introduce evidence of the employee's conduct to show fault on the part of the employee.